(No. 75-CV-1-)

Fred J. Kurth, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 28, 1975.*

Fred J. Kurth, Claimant, pro se.

William J. Scott, Attorney General; Leonard Cahnmann, Assistant Attorney General, for Respondent.

Per Curiam.

This claim arises out of a criminal offense that occurred on May 12, 1974, at approximately 2:00 a.m., near the corner of North Avenue and Homan Avenue, Cook County, Chicago, Illinois. Fred J. Kurth, victim,

seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Fred J. Kurth, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on February 12, 1974, at approximately 2:00 a.m., the claimant, Fred J. Kurth, was shot in the right side and stomach while waiting for a bus at the corner of North Avenue and Homan Avenue, Chicago, Illinois. The claimant was transported to St. Elizabeth Hospital, 1431 North Claremont, by police ambulance, where he was treated for his injuries by Dr. Miguel Teresi. Claimant was discharged from hospital on June 1, 1974.

3. That the claimant stated that he was coming home from a party with two friends. While waiting for a bus at the corner of North and Homan, a car with one male and two females pulled up to the corner and the driver said something in Spanish. The claimant or a member of his group then showed his middle finger to the persons in the car. The car then left. About five minutes later, a different car approached the corner with a male driver and two male passengers, one of which was the same person as was in the first car. One of the passengers got out of the car, started shooting and hit the claimant in the right side and stomach.

4. That in a statement taken by the police from Henry Rodriguez, the driver of the second car, Mr. Rodriguez stated that he was at a party when some of his friends came back to the party and stated that some boys on the corner of North and Homan were messing with their girls. Mr. Rodriguez went on to say that he left the party, driving his car, and took with him Gumer Rodriguez and Raymond Cruz, Jr. Henry Rodriguez stated that he was not aware that either of his passengers had a gun. When they arrived at the corner of North and Homan, Raymond Cruz and Gumer Rodriguez got out of the car and began hitting the claimant. Gumer Rodriguez then took out his gun and shot the claimant. A further and more detailed investigation considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the injuries to the claimant were not attributable to his wrongful act or the substantial provocation of his assailant.

6. That the victim and his assailant were not related nor sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance in the apprehension and prosecution of the assailant.

8. That the assailant has been identified as Gumer Rodriguez. He has been indicted and pled guilty to Aggravated Battery. Sentence was 2 years probation and 90 days in the House of Corrections.

9. That the claimant seeks compensation for Hospital and Medical expenses as well as loss of earnings.

10. That the claimant's average monthly salary prior to his injury was $441.62 and that the claimant was unable to work from May 12, 1974, to August 14, 1974, as a result of his injury, a total of 3 months.

11. That the claimant has received disability payments from Guardian Life Insurance Company of New York in the amount of $614.29.

12. That claimant's net loss of earnings was:

| | |
|---|---|
| $441.62 × 3 | $1,324.86 |
| Less Disability payments | −614.29 |
| Net loss of earnings | $ 770.57 |

13. That in addition to loss of earnings, the claimant incurred medical and hospital expenses which were partially covered by insurance as follows:

| | | |
|---|---|---|
| 1) | Medical | $ 840.00 |
| 2) | Hospital | 6,455.85 |
| | | $7,295.85 |

That in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local government, State or Federal funds, or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

14. That in this claim before us the benefits received by the claimant from other sources which must be deducted from his loss as contemplated by §7(d) of the Act were shown to be in the sum total of $7,002.85. This amount plus the statutory deduction of $200 having been deducted from the gross amount of loss, as calculated in

¶12 and 13, leaves a loss compensable under the Act of $863.57. Hence, the claimant is entitled to an award in the amount of $863.57.

| | |
|---|---|
| Net Loss of Earnings | $ 770.57 |
| Net Hospital & Medical | 293.00 |
| | $1,063.57 |
| Less $200 deductible | −200.00 |
| | $ 863.57 |

IT IS HEREBY ORDERED that the total sum of $863.57 (EIGHT HUNDRED SIXTY THREE DOLLARS AND FIFTY SEVEN CENTS) be awarded to the claimant, Fred J. Kurth, an innocent victim of a violent crime.